```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division

MUHAMMED ABDULLAH,              )
                                )
     Petitioner,                )
                                )
          v.                    )         1:95cr265
                                )         1:14cv465
                                )
UNITED STATES OF AMERICA,       )
                                )
     Respondent.                )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner Muhammed Abdullah's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255.  [Dkt. 56.]  For the following reasons, the Court will deny Petitioner's motion.

## I. Background

On August 22, 1995, Petitioner was convicted of possession of a shank while an inmate at Lorton Reformatory, in violation of 18 U.S.C. § 13 (1994) (the Assimilated Crimes Act), assimilating Va. Code Ann. § 53.1-203(4) (Michie 1994), which prohibits prisoners from possessing unauthorized items capable of causing death or bodily injury.  On November 15, 1995, Abdullah was sentenced to 30 months imprisonment.  [Dkt. 35.] On October 3, 1996, the Fourth Circuit affirmed Petitioner's conviction, rejecting the contention that the Virginia Code was

1

not properly assimilated.  *United States v. Anthony Mitchell & Muhammed Abdullah*, 98 F.3d 1336 (1996).  The mandate issued on October 25, 1996.  (Gov't Opp'n at 1.)

On April 24, 2014, Petitioner filed the instant motion.  [Dkt. 56.]  Liberally construed, Petitioner's motion appears to assert that his sentence in this case should have been ordered to run concurrently with a life sentence he is currently serving.  (Pet. at 1.)  Petitioner states:

> It is mandated by the U.S. Constitution that if a person doing a life sentence received any more time before 1989 or/and 1990 that such sentence shall run concurrent with the life sentence they are doing and that if the length of the sentence was completed while serving the life sentence the additional sentence should be vacated with no detainer on that same day.

(Pet. at 1.)  Additionally Petitioner appears to argue that he never possessed a shank and that he was assaulted at Lorton.  (Reply at 1.)  On May 13, 2014, the Government filed its response in opposition to Petitioner's motion, and provided Petitioner with notice in accordance with *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975) and Local Civil Rule 7(K).  [Dkt. 58.]  On May 28, 2014, Petitioner filed his reply.  [Dkt. 59.]

## II. Analysis

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA").  Among other things, AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of

limitations.  *See* 28 U.S.C. § 2255(f).  This limitations period starts to run from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

A judgment of conviction becomes final "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."  *Clay v. United States*, 537 U.S. 522, 525 (2003).  As the Government notes, there is no record of Petitioner having filed a petition for certiorari.  The time in which Petitioner could have petitioned for certiorari expired "90 days after entry of the Court of Appeals' judgment . . . and 69 days after the issuance of the appellate court's mandate."  *Id.*  Here, the Fourth Circuit's mandate issued on October 25, 1996.  Therefore,

Petitioner's judgment of conviction became final in January 2007.  Petitioner then had one year in which to file a § 2255 motion.  The Petition was filed on April 24, 2014.  Thus, this action is untimely under § 2255(f)(1).

The remaining subsections of § 2255(f) also fail to provide any relief.  *See* 28 U.S.C. § 2255(f)(3)-(4).  Petitioner does not allege that the Supreme Court has recognized a new rule of substantive law retroactively applicable to this case on collateral review.  No new facts supporting Petitioner's claims have been discovered.  Finally, Petitioner has not advanced any argument nor submitted any grounds to establish that he is entitled to equitable tolling.

Petitioner's motion will be denied without an evidentiary hearing.  "In order to obtain an evidentiary hearing . . . a habeas petitioner must come forward with some evidence that the claim might have merit."  *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999).  Here, "the record conclusively shows the prisoner is not entitled to relief."  *United States v. Hackley*, 164 F. App'x 301, 304 (4th Cir. 2006).  The Petition is time-barred under § 2255(f)(1) and Petitioner has not advanced any evidence or argument concerning the other sections of § 2255(f).  Accordingly, the record shows conclusively that an evidentiary hearing is not warranted.

### III. Conclusion

For the foregoing reasons, the Court will deny Petitioner's motion.

An appropriate order will issue.

|  | /s/ |
|---|---|
| August 6, 2014 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |